UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Elizabeth Broustis, | |
| Plaintiff, | Case No. 1:15-cv-03973 |
| v. | |
| Cardinal Health 200, LLC, | Judge John Robert Blakey |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Elizabeth Broustis ("Broustis") sustained injuries in the parking lot of Defendant Cardinal Health 200, LLC ("Cardinal"), and now brings claims against Cardinal sounding in premises liability and negligence. Compl. [1-1]. Cardinal has moved for summary judgment on both claims. Mot. Summ. J. [38]. As more fully explained below, that motion is denied.

**I.  Background**[1]

On April 26, 2013, around 3:30 P.M., Elizabeth Broustis arrived at Cardinal to attend a rummage sale. DSOF [39] ¶¶ 8-9. She was accompanied by her daughter, Petra Foo, who drove Broustis, Broustis's grandchildren, and her granddaughter's friend in a minivan. *Id.* ¶¶ 10-11. Ms. Foo parked the minivan in the front parking lot, in a space situated to the right of a landscaping island made of concrete. PSOF [46] ¶ 2.

---

[1] The facts are taken from the parties' Local Rule 56.1 statements. "DSOF" refers to Cardinal's statement of facts [39]. "RDSOF" refers to Broustis's response to the DSOF [45]. "PSOF" refers to Broustis's statement of facts [46]. "RPSOF" refers to Cardinal's response to the PSOF [49].

1

The island contained loose rocks within its curbed border. *Id.* The parties dispute whether the surface of the rocks was level with the curb, or if there was a three to four inch differential between the surface of the rocks and the top of the curb. RDSOF [45] ¶ 24. Photographs submitted to the Court demonstrate that the lip of the curb is damaged, DSOF [45] Ex. 6, but the parties dispute whether Broustis fell at the damaged portion of the curb. RPSOF [49] ¶ 15. The parties agree there were no signs warning pedestrians to avoid the island. *Id.* ¶ 28-29. Mr. Mehdi Anvari, head of maintenance at Cardinal, routinely inspected the parking lot for safety hazards. *Id.* ¶ 21. Mr. Anvari also testified that he knew, by virtue of these routine inspections, that there were broken curbs on some of the islands in Cardinal's parking lot. *Id.* ¶ 22.

After exiting the van from the front passenger side, Ms. Broustis walked around to the driver's-side rear sliding door to manually close it after the children exited. *Id.* ¶ 5. Broustis walked on top of the landscaping island to close the door. *Id.* ¶ 6. The parties dispute whether Broustis had sufficient space between the car and the island to walk on the pavement, or whether she was forced to step onto the island. *Id.* After closing the sliding door from atop the landscaping island, Broustis traversed it perpendicularly and tripped while walking over the opposite edge of the island. DSOF [39-7]. She fell down to the area of pavement adjacent to the island. *Id.*

Broustis contends that defective cracking in the curb and the resulting height difference caused her fall. PSOF [46] ¶ 11. Again, Cardinal acknowledges a large

breakage on the end of the island, but argues that no cracks exist at the portion of the curb where Broustis fell. RPSOF [49] ¶ 11. The parties do agree that nothing was obstructing Broustis's view, and she was wearing contact lenses, so her vision was normal. RDSOF [45] ¶ 16. Further, they agree that Broustis was not distracted at the time of the occurrence and weather played no role in her fall. *Id.* ¶ 29-31. As a result of the fall, Broustis broke seven bones in her left wrist, requiring the placement of a plate and pins in her wrist. RPSOF [49] ¶ 19.

## II. Legal Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.,* 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party, here, Plaintiff. *See CTL ex rel. Trebatoski v. Ashland School Dist.,* 743 F.3d 524, 528 (7th Cir. 2014).

**III. Analysis**

To prevail on either of her claims, Broustis must prove that Cardinal owed her a duty of care, Cardinal breached that duty, and Cardinal's breach caused Broustis's injury. *See Simpkins v. CSX Transp., Inc.*, 965 N.E.2d 1092, 1096 (Ill. 2012) (in a negligence action, a plaintiff must show that defendant owed her a duty of care, that defendant breached the duty, and that the breach proximately caused an injury); *Rusch v. Leonard*, 927 N.E.2d 316, 321 (Ill. App. Ct. 2010) (To "prevail on a claim for premises liability, a plaintiff must allege and prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach of duty.").

Defendant essentially makes three arguments on summary judgment: (1) it did not owe Plaintiff a duty, as any danger posed by the curb was "open and obvious"; (2) it did not have any knowledge of any defect with the curb, and thus, Plaintiff's negligence claim must fail; and (3) there was, in fact, no defect with the curb. The Court addresses each argument in turn.

**A. Duty**

As a general matter, the "existence of a duty . . . is a question of law for the court to decide." *Forsythe v. Clark USA, Inc.*, 864 N.E.2d 227, 232 (Ill. 2007); *see also Rich v. Quad/Graphics Printing Corp.*, 11-cv-7656, 2014 WL 5835623, at *3 (N.D. Ill. Nov. 10, 2014) ("Whether a duty exists is a question of law for the court to decide."). In deciding whether a defendant owes a plaintiff a duty, the Court considers: (1) whether the plaintiff's injury was reasonably foreseeable; (2) the

4

likelihood of injury; (3) the magnitude of burden of guarding against injury; and (4) the consequences of placing a burden on defendant. *See Burkett v. Illinois Power Co.*, 893 N.E.2d 702, 709 (Ill. App. Ct. 2008).

### 1. Open and Obvious Rule

Under Illinois law, the question of whether a duty exists is supplemented by a number of doctrinal caveats, including the "open and obvious" danger rule. Pursuant to the rule, a landowner in Illinois typically does not owe a duty of care regarding dangers which are "open and obvious." *See Rexroad v. City of Springfield,* 796 N.E.2d 1040, 1046 (Ill. 2003) ("[A] party who owns or controls land is not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious."); *see also Gutierrez v. Norfolk & S. Ry. Co.,* No. 12-cv-2396, 2014 WL 551684, at *3 (N.D. Ill. Feb. 12, 2014) ("Illinois landowners owe no duty to protect people from open and obvious dangers.") (internal quotation omitted). The existence of an open and obvious danger, however, is not a *per se* bar to the finding of a legal duty on the part of a defendant. *See Bruns v. City of Centralia*, 21 N.E.3d 684, 690 (Ill. 2014). In assessing whether a duty is owed, "the court must still apply traditional duty analysis to the particular facts of the case." *Id.* That said, where "the condition is open and obvious, the foreseeability of harm and the likelihood of injury will be slight, thus weighing against the imposition of a duty." *Id.*

A danger is "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor,

5

exercising ordinary perception, intelligence, and judgment." *Id.* (adopting the definition of "obvious" in the Restatement (Second) of Torts § 343A, Comment *b,* at 219 (1965)). The open and obvious rule "is not confined to common conditions such as fire, height and bodies of water. Other conditions, including sidewalk defects, may also constitute open and obvious dangers." *Id.*

Defendant argues that any danger here was "open and obvious," as the condition of the curb was plainly visible to visitors in the parking lot. Defendant may be right, but under Illinois law, this particular question is more appropriately answered by the factfinder at trial. The "determination of whether a danger is open and obvious is generally a question of fact, though it can be decided as a matter of law where reasonable minds could not disagree and based upon the objective knowledge of a reasonable person confronting the same condition." *Suchy v. City of Geneva*, 8 N.E.3d 565, 573 (Ill. App. Ct. 2014), *appeal denied*, 20 N.E.3d 1263 (Ill. 2014); *see also Choate v. Indiana Harbor Belt R.R. Co.*, 980 N.E.2d 58, 67 (Ill. 2012) ("Where there is *no dispute* about the physical nature of the condition, whether a danger is open and obvious is a question of law.") (emphasis added).

Reserving the question of whether this danger was "open and obvious" for the jury is also consistent with *Brandy v. Long John Silver's*, No. 97-cv-0311, 1997 WL 790726 (N.D. Ill. Dec. 22, 1997). The plaintiff in *Brandy* caught his foot on a crevice in a curb outside of the defendant's restaurant. *Id.* at *2. The defendant argued that summary judgment was appropriate because the crack in the curb was an "open and obvious" danger which could "reasonably be expected to be discovered."

6

*Id.* at *9. The court rejected defendant's argument, however, concluding that a "genuine issue exists [as to] whether a four to six inch crack or crevice in a concrete sidewalk is apparent, readily perceived by the eye, and easily discoverable" by a person exiting the restaurant. *Id.* at *3. *Brandy* is particularly significant insofar as it affirms the proposition that it is "not necessary for a physical object to 'obstruct' or 'hide' a condition for that condition to be difficult to perceive or discover." *Id.* at *4 (emphasis removed).

Ultimately, the parties here dispute critical facts regarding the condition at issue. They contest whether the putative defect in the island was "apparent," whether the curb was cracked where Plaintiff fell, and whether a "height differential" existed between the curb and the inlying gravel. *See supra* at 2-3. Because a "dispute about the physical nature of the condition" remains, the "open and obvious" nature of the "condition" constitutes a contested factual question unfit for resolution at the summary judgment stage of the proceedings. *Choate*, 980 N.E.2d at 67.

### B. Awareness of the Putative Defect

Cardinal next argues that Plaintiff's negligence claim must fall because she "cannot prove defendant caused the allegedly broken curbing or that Defendant knew or should have known of the broken curbing." [38] at 9. This argument ignores the record before the Court.

Generally, to prove constructive notice, a plaintiff "must establish that the dangerous condition existed for a sufficient time or was so conspicuous that the

defendant should have discovered the condition through the exercise of reasonable care." *Smolek v. K.W. Landscaping*, 639 N.E.2d 974, 977 (Ill. App. Ct. 1994). Additionally, "a defendant who has notice of facts which would cause a reasonable person to inquire further may be charged with having notice of other facts that might have been discovered after a reasonable inquiry." *Id.* At bottom, a party is "considered to have constructive knowledge if he receives facts that would make the dangerous condition known to any ordinary prudent person." *Stackhouse v. Royce Realty & Mgmt. Corp.*, 970 N.E.2d 1224, 1234 (Ill. App. Ct. 2012).

Plaintiff has adduced adequate evidence from which "the jury could reasonably infer that the condition existing at the time of the accident had developed over a period of long duration," such that Cardinal had constructive notice of the same. *Baker v. City of Granite City*, 394 N.E.2d 33, 35 (Ill. App. Ct. 1979). As a preliminary matter, Mr. Anvari, Cardinal's head of maintenance, testified that he conducted a quarterly walk-through of the facility and parking lot, at which time he inspected the parking lot for safety hazards. PSOF [46] ¶ 21. Mr. Anvari further testified that he knew there were broken curbs on some of the islands in Cardinal's parking lot. *Id.* ¶¶ 20-22. Additionally, the parties submitted photographs to the Court showing the curb in question, which features broken concrete and debris. DSOF [45] Ex. 6. Here, "one need only glance at the photographs of the crack in the present case to recognize that the sidewalk has been in a defective state for a long time." *Baker*, 394 N.E.2d at 35.

8

Ultimately, Mr. Anvari knew that multiple islands in the Cardinal lot were damaged, and the photographs before the Court suggest that the island at issue may have been damaged for some time. After drawing all reasonable inferences in Plaintiff's favor, as required at this stage, the Court finds that a reasonable jury could determine that this evidence represents a sufficient basis to find that Cardinal had constructive knowledge of the condition.

### C. Proximate Cause of Plaintiff's Injury

Finally, Defendant argues that both of Plaintiff's claims must fall because she "cannot establish to a reasonable probability that there was a defect present at the area of the curbing where she fell or that any alleged defect required service, repair or maintenance [such that] plaintiff is unable to prove that any defect proximately caused her injuries." [38] at 12. Defendant bases this argument upon select portions of the record, including: (1) Plaintiff's testimony regarding the ostensible "height differential," DSOF [39] ¶ 24; (2) the security footage of Plaintiff's fall, *id.* Ex. 5; and (3) Plaintiff's identification at her deposition of the portion of the curb over which she fell. *Id.*, Ex. 7.

The question of whether a plaintiff's injury was proximately caused by a defendant is usually a question of fact, as Defendant appropriately acknowledges. [48] at 8. Nothing in the record before the Court justifies deviation from this principle. Indeed, sufficient evidence exists in the record from which a reasonable jury could conclude that Cardinal's curb featured a substantial defect which caused

9

Plaintiff's injury. As such, the Court rejects Defendant's invitation to resolve the disputed factual questions presented.

For example, while Plaintiff testified that she did not "recall" appreciating a height differential "as [she] approached" the curb, both Mr. Anvari and Ms. Foo testified that the curbs featured an uneven surface. *Compare* DSOF [39] Ex. 5 *with* PSOF [46] Ex. A *and* DSOF [39] Ex. 6. Moreover, Plaintiff testified that "what caused [her] fall" was the "curb itself," which "was cracked and not together." DSOF [39] Ex. 5. The photographs also substantiate Plaintiff's claim that the curb in question was cracked. *Id.* Based on this record, a reasonable jury could find both that the curb at issue was cracked (featuring a height differential) and that this substantial defect caused Plaintiff's injury.

The video submitted to the Court depicting Plaintiff's fall does not compel a contrary conclusion. DSOF [39-7]. Reasonable persons can disagree regarding the import of blurry security footage, particularly where, as here, different portions of the footage corroborate factual allegations made by either party. The Court is obligated to draw all reasonable inferences in Plaintiff's favor, and, viewed in this light, the video footage lacks sufficient definition to justify summary judgment.

## IV. Conclusion

The record before the Court contains various disputed factual questions, including the "obviousness" of the putative defect, the position of the putative defect, and the location of Plaintiff's fall relative to the putative defect. Indeed, the parties have adduced conflicting evidence regarding the very existence of the

alleged defect. These disputed factual questions can only be answered by a factfinder. Defendant's motion for summary judgment [38] is denied.

Dated: September 26, 2016

                                Entered:

                                _____
                                John Robert Blakey
                                United States District Judge